UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-CR-87-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JARROD ANTWIAN HARRIS, | ) | |
| Defendant. | ) | |

This matter is before the court for a determination of competency pursuant to 18 U.S.C. § 4241. The defendant has been evaluated as directed, and a report has been prepared by psychologists at the BOP's Federal Medical Center (FMC) in Butner, North Carolina.

FMC Butner Medical staff opine that Harris is not currently competent to proceed. In addition, Harris is refusing antipsychotic medications. Medical staff inform the court that Harris is not currently dangerous to himself or others and, accordingly, medical staff cannot forcibly medicate him on dangerousness grounds. However, if Harris meets the criteria set forth in *Sell v. United States*, 539 U.S. 166 (2003), he may be forcibly medicated for purposes of restoring competency to stand trial. *Sell* outlines four factors the court must consider when deciding whether forcible medication to restore competency is justified.

The court is comfortable with adopting the findings in the report as to the second, third, and fourth factors.[1] However, as the report makes clear, the first factor is a legal determination that the court must address. The first factor questions whether "important governmental interests

---

[1] Harris is free to challenge the findings on any of these factors and the court will schedule a hearing on these factors if the parties feel it is necessary.

are at stake" in prosecuting the defendant. *Id.* at 180. The *Sell* Court further held that "[t]he Government's interest in bringing to trial an individual accused of a serious crime is important." *Id.* However, "special circumstances may lessen the importance of [the Government's] interest." *Id.*

Here, Harris is charged with violating the conditions of his supervised release by failing to attend scheduled probation appointments. The court is inclined to find that this is not a sufficiently serious crime to justify forcible medication, though obviously the parties should have an opportunity to respond. The court attempted to informally contact defense counsel and the Assistant United States Attorney to determine whether the Government intended to pursue forcible medication under these circumstances. The court sent an email to both the Assistant United States Attorney and defense counsel on June 25, 2013, and to date no response has been received.

The parties are therefore DIRECTED to file a response to this Order regarding whether forcible medication is justified under the *Sell* factors. Assuming both parties agree on the outcome, the parties may file one joint response. Unless the parties disagree with the findings in the report as to the second through the fourth factors, the response need only address the first factor in the *Sell* analysis. The Fourth Circuit has recently addressed the first *Sell* factor in *United States v. White*, 620 F.3d 401 (4th Cir. 2010), and the parties may find that case helpful when preparing the response. The response is due on or before **August 9, 2013.**

SO ORDERED.

This the 18th day of July, 2013

                               *James C. Fox*
                               JAMES C. FOX
                               Senior United States District Judge