IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:05-CR-0087-F-1

**Jarrod Antwian Harris**,

            Petitioner,

v.

**United States of America**,

            Respondent.

**Memorandum & Recommendation**

      Petitioner Jarrod Antwain Harris, proceeding under 28 U.S.C. § 2255, seeks to vacate, set aside, or correct the 90 month term of imprisonment imposed in connection with his guilty plea to being a felon in possession of a firearm and using a firearm in relation to a drug trafficking offense. ("Motion to Vacate") Harris argues that his sentence should be vacated because, after the Fourth Circuit's opinion in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*), he is actually innocent of the charge of being a felon in possession of a firearm. Specifically, he claims that after *Simmons* his state law convictions for possessing cocaine and larceny of a motor vehicle no longer qualify as felonies for the purpose of 18 U.S.C. § 922(g)(1). The Government responds that Harris is not entitled to relief because he waived the ability to collaterally attack his sentence as part of his plea agreement, his Motion to Vacate is untimely, and he cannot establish factual innocence because the Government agreed to dismiss more serious charges in connection with his guilty plea.

      After reviewing the docket and the arguments of the parties, it appears that Harris is not entitled to the relief he seeks because he did not file his Motion to Vacate within one year from the date his judgment became final and he has not demonstrated that any of the exceptions to the

statute of limitations apply in this case. Therefore, the undersigned recommends[1] that that the court deny Harris's Motion to Vacate (D.E. 20) and grant the Government's Motion to Dismiss (D.E. 47).

## I.  Background

In October 2005, Harris entered a guilty plea to possessing of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("Count One") and using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) ("Count Three"). In exchange for his agreement to plead guilty to Counts One and Three, the Government agreed to dismiss one count of possession with intent to distribute a quantity of crack cocaine in violation of 21 U.S.C. § 841(a)(1) ("Count Two"). As a result of his guilty plea, the court entered a judgment on January 17, 2006, requiring Harris to serve a 30 month term of imprisonment on Count One and a 60 month term of imprisonment on Count Three. The terms of imprisonment were to run consecutively. Harris did not appeal his conviction or sentence. On March 20, 2013, he filed his Motion to Vacate and the Government responded by filing a Motion to Dismiss.

## II.  Analysis

### A.  Standard of Review for § 2255 Motions

In order to prevail on his Motion to Vacate, Harris must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law"

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

regarding the petitioner's motion." 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (*per curiam*).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a § 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions. Rules Governing Section 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

The Supreme Court has explained that in order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a § 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an

3

entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

## B. Timeliness

The Government argues that the court should dismiss the Motion to Vacate because it was filed more than one year after Harris's conviction became final, which places it outside of the one-year statute of limitations governing Section 2255 claims. Harris maintains that his claim was filed in a timely manner because he filed it within one year of the Fourth Circuit's decision in *Simmons*. A review of the record demonstrates that Harris did not file his Motion to Vacate with the time required by § 2255(f). Additionally, Harris cannot establish that the statute of limitations should have been equitably tolled due to the Fourth Circuit's opinion in *Simmons*.

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. The limitations period runs from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because he did not file a direct appeal, Harris's judgment became final when his time to appeal expired on August 10, 2006. *See* Fed. R. Civ. P. 4(b); *Clay v. United States*, 537 U.S. 522, 524–25 (2003) (holding conviction becomes final after the time period to appeal or seek review has expired); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (stating that "since [petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review"). Accordingly, to be considered timely, Harris's Motion to Vacate needed to be filed on or before August 10, 2007. However, he did not file his Motion to Vacate until March 2013, which means that the statute of limitations bars his claim for relief.

Nonetheless, Harris argues that his Motion to Vacate is timely under § 2255(f)(4), which provides a petitioner with one year to file a petition from the "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Under his theory, the *Simmons* decision created a new fact in support of his claim for relief, namely, the state law offenses he was convicted of were no longer considered felonies under federal law.

It is, of course, true that a decision vacating "a prior state conviction used to enhance a federal sentence can start the 1-year limitation period under the fourth alternative of the § 2255 rule." *Johnson v. United States*, 544 U.S. 295, 302 (2005); *United States v. Gadsen*, 332 F.3d 224 (4th Cir. 2003). But this exception is limited to circumstances in which the defendant's own conviction was vacated. *Johnson*, 544 U.S. at 304 ("This case presents the distinct issue of how soon a prisoner, *successful in his state proceeding*, must challenge the federal sentence in § 2255.) (emphasis added); *Gadsen*, 332 F.3d at 227 ("[T]he relevant 'fact' … is the fact that *Gadsen's prior state conviction* has been conclusively invalidated.") (emphasis added). As a

result of the limited nature of the exception, courts have consistently held that the general change in the law effected by *Simmons* does not constitute a "fact" for the purposes of § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014), *cert. denied*, 2015 WL 1278533 (June 29, 2015); *McLeod v. United States*, No. 5:12-cv-622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013); *Farmer v. United States*, No. 5:02–CR–131–BO, 2012 WL 5835524, at * 1 n. 1 (E.D.N.C. Nov. 16, 2012); *United States v. Hardison*, No. 4:11–CV–196–FL, 4:08–CR–77–FL–2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011).

Here, Harris's argument is based upon a general change in the law and not a state court decision vacating his underlying criminal convictions. Thus, he cannot rely upon *Simmons* to trigger the one-year limitations period in § 2255(f)(4) that would result in his petition being filed in a timely basis.

Harris attempts to avoid the effects of his untimely filing by relying on the doctrine of equitable tolling. The Supreme Court has held that a petitioner is entitled to equitable tolling of Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from filing his petition in a timely manner. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to satisfy the extraordinary circumstances prong, the petitioner must show that he was subject to (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Harris claims that he is entitled to equitable tolling because he did not have a viable claim prior to *Simmons* and he filed his petition as soon as practicable after the decision issued. However, the Fourth Circuit has squarely addressed and rejected this argument in *Whiteside v.*

6

*United States*, 775 F.3d 180, 186 (4th Cir. 2014). In *Whiteside*, the petitioner claimed he was entitled to equitable tolling because "he was prevented from timely filing by the unfavorable precedent that would have governed his claim had he sued prior to *Simmons*." *Id.* at 185. After reviewing other cases discussing futility in the context of § 2255 claims, the Court of Appeals concluded that "[e]quitable tolling thus may not be applied where, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." *Whiteside*, 775 F.3d at 186. Thus, Harris's argument that he is entitled to equitable tolling on the basis of *Simmons* is without merit and his petition should be dismissed as untimely.

### C. Waiver of Right to Collaterally Attack Conviction or Sentence

The Government contends that Harris's Motion should be dismissed because his plea agreement contained a waiver of his right to collaterally attack his sentence, except under limited circumstances that do not apply in this case. Harris did not refute this assertion in his filings. After reviewing the terms of his plea agreement, the court determines that the Government is correct in its assertion that Copeland' has waived the right to present the claims in his petition.

It is indisputable that Harris's plea agreement, which he signed, contained a provision regarding waiver of his appellate rights. Specifically, Harris agreed "[t]o waive knowingly and expressly all rights … to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range…." D.E. 14, ¶ 2(c). The plea agreement only preserved his "right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing…." *Id.*

Similarly, Harris agreed to give up "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255…." *Id.* Only claims of

7

"ineffective assistance of counsel or prosecutorial misconduct not known to" Harris at the time of his plea were spared from this blanket waiver. *Id.*

Harris does not argue that his waiver of right to pursue a collateral attack was not knowing and voluntary. Nor does he claim that his conviction was the result of prosecutorial misconduct or ineffective assistance of counsel. As a result, his claim does not fit within the narrow exception to the waiver of his direct and collateral challenges to his conviction and sentence. In these circumstances, the court must give effect to the terms of the agreement reached between Harris and the Government by determining that he has waived his right to pursue the relief sought in the Motion to Vacate. As Harris has waived his right to pursue relief under Section 2255, his Motion to Vacate should be dismissed and the Government's Motion to Dismiss should be granted.

### D. Actual Innocence

Harris claims that the court should disregard the various procedural bars to his claim because, after *Simmons*, he is actually innocent of the crime of being a felon in possession of a firearm. The Government maintains that Harris is not entitled to utilize the actual innocence exception because he has not shown that he is actually innocent of the charge that was dismissed in connection with his plea agreement. After reviewing the terms of his plea agreement and the penalties associated with the charges brought against him, the court finds that Harris has not shown that he is actually innocent of the more serious charge dismissed by the government in connection with his plea agreement. Therefore, Harris cannot circumvent the procedural barriers to his claim for relief through the actual innocence doctrine.

The Supreme Court has explained that procedural defaults may be excused if a defendant is actually innocent of the charges against him. In order to establish that he is actually innocent,

a defendant must show that "it is more likely than not that no reasonable juror would have convicted him." *Bousely v. United States*, 523 U.S. 614, 623 (1998). The term "'actual innocence' means factual innocence, not mere legal sufficiency." *Id.* Additionally, in cases where a defendant pled guilty to certain charges in exchange for the dismissal of other charges, the petitioner must show that he is also actually innocent of any more serious charges that were dismissed by the Government. *Id.* at 624.

Here, in exchange for Harris's agreement to plead guilty to Counts One and Three, the Government agreed to dismiss Count Two. D.E. 14. Harris has not argued that he is actually innocent of the dismissed charge. Thus, he may only excuse his procedural defaults through the actual innocence exception if the Count Two can be considered to be as serious as or less serious than County One.

The maximum penalties for Count 1 were imprisonment for 10 years, 18 U.S.C. 924(a)(2), and a $250,000 fine, *id.* at § 3571(b)(3). The maximum penalties for Count 2 were a term of imprisonment of 20 years and a $1,000,000 fine. 21 U.S.C. § 841(b)(1)(C). Given the maximum penalties attached to each charge, Count 2 is a more serious charge than Count 1 and Harris must show he is actually innocent of that charge in order to utilize the actual innocence exception. His failure to make a showing that he is actually innocent of Count 2 precludes the court from excusing his procedural defaults under the actual innocence exception. Therefore, his Motion to Vacate is procedurally barred and should be denied.

## III. Conclusion

For the foregoing reasons, the undersigned recommends that the court deny Harris's Motion to Vacate (D.E. 20) and grant the Government's Motion to Dismiss (D.E. 47).

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Harris. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Harris does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: July 2, 2015.

*Robert T. Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE