IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-CR-00087-F-1
No. 7:12-CV-00243-F

| | |
|---|---|
| JARROD ANTWIAN HARRIS, ) | |
| Petitioner ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on Objections [DE-72] to the Memorandum and Recommendation [DE-71] of United States Magistrate Judge Robert T. Numbers, II, regarding the Government's Motion to Dismiss [DE-47] Jarrod Antwian Harris's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-20]. For the reasons set forth below, the court ADOPTS the recommendation of the Magistrate Judge to ALLOW the Government's Motion to Dismiss.

**Factual and Procedural Background**

On August 10, 2005, Harris was charged in a three-count indictment. *See* Indictment [DE-9]. In Count One, Harris was charged with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Count Two charged Harris with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). In Count Three, Harris was charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

Harris's arraignment was held on October 18, 2005. At his arraignment, Harris pled guilty to Counts One and Three pursuant to a written plea agreement [DE-14]. It was agreed that

Count Two would be dismissed. *Id.* at 7.

On January 17, 2006, the court held Harris's sentencing hearing. Harris was sentenced to 30 months' imprisonment on Count One and 60 months' imprisonment on Count Three. *See* Judgment [DE-18]. It was ordered that the sentence imposed in Count Three would run consecutive to that imposed in Count One. Harris did not appeal his conviction or sentence.

Harris filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-20] on August 21, 2012. In his § 2255 motion, Harris argues that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), he is actually innocent of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [DE-20-1] at 1. Harris specifically contends that his state law convictions for possessing cocaine and larceny of a motor vehicle are not felonies. *Id.* at 3.

On July 2, 2015, the Magistrate Judge issued a Memorandum and Recommendation ("M&R") [DE-71] addressing Harris's § 2255 motion. The Magistrate Judge concluded that Harris's § 2255 motion is untimely, and he is not entitled to equitable tolling. [DE-71] at 4-7. The Magistrate Judge further concluded that Harris waived his right to pursue relief under § 2255. *Id.* at 7-8. Finally, the Magistrate Judge concluded that Harris's failure to make a showing that he is actually innocent of Count Two precludes the court from excusing his procedural defaults under the actual innocence exception. *Id.* at 8-9. The Magistrate Judge recommended that the court deny Harris's § 2255 motion [DE-20] and allow the Government's Motion to Dismiss [DE-47]. *Id.* at 9.

Harris filed Objections [DE-72] to the M&R on July 6, 2015. In his Objections, Harris argues that the Magistrate Judge's M&R is premised on the Government's argument set forth in

2

its March 20, 2013 Motion to Dismiss, but since that date, the United States Attorney for the Eastern District of North Caroline has issued a policy indicating it will waive any and all procedural hurdles standing in the way of defendants who are actually innocent of being a felon in possession of a firearm. [DE-72] at 1. Harris requests further review of the matter by both the Government and the court. *Id.* at 1-2.

On July 16, 2015, the Government filed a Response [DE-73] to Harris's Objections. The Government argues that Harris's argument must fail because he is not actually innocent of being a felon in possession of a firearm as defined in *Bousley v. United States*, 523 U.S. 614, 623-624 (1998). [DE-73] at 1-3.

## Discussion

### Harris Has Failed to Show that He is Actually Innocent of Being a Felon in Possession of a Firearm.

When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). In order to avoid a procedural default based on the "actual innocence" exception, a movant must show that "'it is more likely than not that no reasonable juror would have convicted him'" because of his "factual innocence, not mere legal insufficiency." *Id.* 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). Moreover, "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

In this case, as the Magistrate Judge pointed out, the Government agreed to dismiss Count

3

Two in exchange for Harris pleading guilty to Counts One and Three. Harris has not argued that he is actually innocent of Count Two. Moreover, given the penalties attached to Count Two, it is a more serious charge than Count One.[1] Thus, because Harris has failed to show that he is actually innocent of Count Two, his procedural default cannot be excused under the actual innocence exception. Accordingly, Harris's § 2255 motion is procedurally barred.

## Conclusion

For the foregoing reasons, the court ADOPTS the recommendation of the Magistrate Judge as its own, and for the reasons stated therein, the Government's Motion to Dismiss [DE-47] is ALLOWED and Harris's § 2255 motion [DE-20] is DISMISSED. The court concludes that Harris has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 20 day of July, 2015.

*James C. Fox*
James C. Fox
Senior United States District Judge

---

[1] The maximum penalties for Count One were 10 years of imprisonment, 18 U.S.C. § 924(a)(2), and a $250,000 fine, *id.* at 3571(b)(3). The maximum penalties for Count Two were 20 years of imprisonment and a $1,000,000 fine. 21 U.S.C. § 841(b)(1)(C).

4